## Young v. Smith

254

*Nathaniel B. Smith,* for plaintiffs.
*William J. Stokan,* for defendants.

CARPENTER, *J.,* August 24, 1996—This matter is before the court for resolution of a motion for summary judgment filed by the defendants, Leola G. Smith and Freedom Supply Co. Inc., on February 13, 1996. Briefs have been filed and the matter was orally argued before the court on August 26, 1996.

The defendant has presented three arguments in support of its motion for summary judgment:

(1) That the defendants owed no duty of care to plaintiff Young to keep the business walk and dock area which he was renting from the defendants free of water, snow, or ice;

(2) That since plaintiff knew the conditions on the premises, he assumed the risk that was necessarily attendant with its use on January 21, 1993, when he fell;

(3) That even assuming the court were to find a legal duty on the part of the defendants that the plaintiff has neither pled nor proven that "hills and ridges were present," which is the controlling doctrine in Pennsylvania in slip-and-fall cases on snow or ice.

We find these arguments persuasive and, accordingly, grant the defendants' motion for summary judgment. The essential facts in the case are not a matter of dispute. Plaintiff, Fred S. Young, while exiting property leased to the plaintiff by the defendant, left a path which he was traveling due to a ruptured downspout which was spewing water into his path. To avoid this, plaintiff leaped to the side onto an elevated portion of sidewalk which was coated with freezing rain so that he fell, injuring himself. Plaintiff argues that the downspout altered his path and constituted a dangerous condition which he sought to avoid. Plaintiff maintains that it was this lack of maintenance which caused him to deviate onto the section of adjoining sidewalk (actually a slightly elevated dock) and that, accordingly, he is entitled to recover.

It is well settled that the standard for granting summary judgment is controlled by Pennsylvania Rule of Civil Procedure 1035(b), which provides, in pertinent part:

"The judgment sought shall be rendered if the pleading, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b)

When considering a motion for summary judgment, the trial court must examine the record in the light most favorable to the non-moving party and accept as true all well pled facts in the non-moving party's pleadings, and give him the benefit of all reasonable inferences drawn therefrom. *Kelly v. Ickes,* 427 Pa. Super. 542, 629 A.2d 1002 (1993).

After reviewing the applicable law, the briefs, and considering the oral arguments, we conclude that plaintiff has no cause of action in this instance and that

plaintiff's case must fail. Plaintiff candidly concedes that he has no cause of action against the defendant relating to any failure to protect the plaintiff from the natural condition of the freezing rain. This is true both because of the lease (which imposed snow maintenance on the plaintiff himself) and because the doctrine of hills and ridges clearly applies in this case. Notwithstanding, plaintiff asks this court to conclude that a cause of action exists arising out of the maintenance failure which "required" selection of another route of travel because of plaintiff's desire not to get wet. This cannot be the law. What we have here is a situation where the plaintiff had a choice of two routes. Fatally for plaintiff, neither of these routes represents either a dangerous condition or an impassable obstacle under the law. The ruptured downspout does not constitute a dangerous condition nor was it even remotely impassable. All that could have resulted as harm to plaintiff from proceeding along that route would have been that the plaintiff could/would have gotten wet. Equally clearly, as even plaintiff concedes, the route which plaintiff voluntarily chose by his "leap of faith" was not a dangerous condition either under the applicable legal standard of hills and ridges. In a very real sense, plaintiff invites this court to add zero and zero and get one. This is an invitation which we should and must decline. Nor is this the only basis for our ruling. As defendant correctly argues, the ruptured downspout was not a proximate cause of this accident. We hold this to be correct as a matter of law.

## ORDER

And now, August 24, 1996, it is hereby ordered, directed, and decreed that defendants' motion for summary judgment is granted.